UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES POINTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:05-CV-628 (CEJ) |
| | ) |
| BEACON EDUCATIONAL MANAGEMENT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to oppose removal, which the Court will treat as a motion to remand, and defendant's motion to dismiss plaintiff's complaint, pursuant to Rule 12(b)(1) and Rule 12(b)(6), Fed.R.Civ.P.

Plaintiff Charles Pointer, pro se, brings this action against his former employer, Beacon Education Management. Defendant manages Thurgood Marshall Academy, where plaintiff was hired as a fifth-grade teacher on April 17, 2002. In an earlier action that plaintiff filed against Beacon, <u>Charles Pointer v. Beacon Educational Management</u>, No. 4:03-CV-1291 (CEJ), plaintiff alleged that the school principal told him he would be offered a contract for the next academic year if he completed the 2001-2002 year and promoted his students. In June of 2002, defendant declined to offer plaintiff a contract for the following year. Plaintiff, who is an African-American man, alleged that defendant's failure to rehire him was based on illegal race and sex discrimination and filed suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Plaintiff also brought several state

law claims, which he renews in the present action. On February 14, 2005, the Court granted summary judgment to defendant on plaintiff's Title VII claims and declined to exercise supplemental over his state law claims, dismissing them without prejudice.

Plaintiff initiated this action on March 15, 2005, in the Circuit Court of the City of St. Louis, asking the state court to "take jurisdiction over" the state law claims that this Court previously dismissed without prejudice. In the complaint, plaintiff alleges that defendant failed to complete a performance evaluation in violation of § 168.128 Mo. Rev. Stat. He also asserts claims for breach of implied contract, libel/defamation of character, concealment, misrepresentation, mental anguish, pain and suffering, and negligence. Defendant removed the action on April 20, 2005, asserting diversity of citizenship jurisdiction under § 28 U.S.C. § 1332.

## Motion to Remand

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. § 1447(c). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). As the party invoking jurisdiction, defendant has the burden of

establishing that all prerequisites to jurisdiction have been satisfied. Id.; Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). In determining whether removal was proper, the Court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

The Court's jurisdiction in the instant case is premised on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. Id. Plaintiff, who seeks $350,000 in damages, is a citizen of the State of Missouri and defendant Beacon is incorporated in Delaware, with its principal place of business in the State of Virginia. Thus, the requirements for this Court's jurisdiction under § 1332 are satisfied.

**Motion to Dismiss**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint

are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**1. Failure to Complete Teacher Evaluation**

Plaintiff alleges that defendant's failure to provide him a teacher evaluation violated § 168.128, Mo. Rev. Stat., and constituted breach of an implied contract.

Section 168.128 provides that "[t]he board of education of each school district shall cause a comprehensive, performance based evaluation for each teacher employed by the district." Plaintiff's claim under § 168.128 fails, first, because he does not allege that the defendant is "the board of education of [a] school district." Second, as this Court previously found, the defendant manages Thurgood Marshall Academy, which is a charter school. See Charles Pointer v. Beacon Educational Management, No. 4:03-CV-1291 (CEJ) (Memorandum and Order, February 14, 2005). Under Missouri law, charter schools are exempt from the evaluation requirement. § 160.405.5 ("A charter school shall . . . except as provided in

sections 160.400 to 160.420, be exempt from all laws relating to schools, governing school boards and school districts.")

Plaintiff contends that the defendant had a duty to provide him a teacher evaluation by operation of § 160.405.1, which provides that the school's charter shall include "a description of the charter school's policy for securing personnel services, its personnel policies, personnel qualifications, and professional development plan." This language, specifying the contents of the charter, does not create an obligation to provide annual evaluations.

Plaintiff also claims that defendant's failure to evaluate him breached an implied contract. He alleges that the school's employee handbook specified that teachers would be evaluated three times a year. Under Missouri law, employee handbooks are not generally considered contracts because they lack the traditional prerequisites of offer, acceptance, and bargained for consideration. McIntosh v. Tenet Health Systems Hospitals, Inc., 48 S.W.3d 85, 89 (Mo. Ct. App. 2001); Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. 1988). An employer's unilateral act of publishing a handbook is not a contractual offer. West Cent. Missouri Regional Lodge No. 50 v. Board of Police Commissioners, 939 S.W.2d 565, 568 (Mo. Ct. App. 1997) (agreement in personnel policy and benefit manual to give yearly salary increases not an enforceable contract). Furthermore, an employee lacks the power to accept. Id. Plaintiff has not pleaded facts alleging that, in this instance, the school's employee handbook was

offered, accepted, and supported by bargained for consideration. Plaintiff has failed to state a claim for relief arising from defendant's alleged failure to provide him an evaluation.

**2. Libel/Defamation of Character and Concealment**

Plaintiff alleges that "Ms. Hallerman"[1] presented negative assessment of his skills to the school's board, causing the board to decide not to rehire him. He also alleges that Ms. Hallerman's negative assessment was published in a report "where all the teachers could see it or future school districts wanting to inquire about plaintiff's teaching experience at Thurgood Marshall."

Missouri law imposes a two-year period of limitation for libel actions. § 516.140. The negative report of which plaintiff complains was created in June 2002. Plaintiff alleges, however, that Ms. Hallerman did not tell him of her negative report, and that she prevented him from appearing before the school's board on his own behalf. Plaintiff characterizes Ms. Hallerman's silence as "concealment," for which he seeks damages in the amount of $50,000. No cause of action for concealment exists under Missouri law. However, the Court will consider plaintiff's allegation of

---

[1] Plaintiff does not specifically identify "Ms. Hallerman" in his complaint. However, evidence submitted in connection with plaintiff's earlier Title VII action establishes that Sara Hallermann was the interim principal at Thurgood Marshall Academy. She recommended that plaintiff's employment not be renewed for the following academic year, based upon his failure to meet ten different teaching standards. Charles Pointer v. Beacon Educational Management, No. 4:03-CV-1291 (Memorandum and Order at pp. 4-5, February 14, 2005).

concealment in determining whether his libel/defamation claim was timely filed.

"Fraudulent concealment" by a defendant may toll a limitations period. § 516.280; Batek v. Curators of University of Missouri, 920 S.W.2d 895, 900 (Mo. 1996). "In order to avoid the running of the statute, it may be shown that some trick or artifice was used to prohibit the defrauded party from inquiring or making investigation regarding the fraud, or it must be shown that the defrauded party was prevented from inquiring about the particular acts of concealment." Id. (quoting Womack v. Callaway County, 159 S.W.2d 630, 632 (Mo. 1942)). The burden of proving fraudulent concealment rests upon the plaintiff. Hasenyager v. Board of Police Commissioners of Kansas City, 606 S.W.2d 468, 471-72 (Mo. Ct. App. 1980). Plaintiff has not alleged that he was prevented from learning of Ms. Hallerman's negative report by fraud, trick or artifice and, thus, presents no facts establishing that the two-year limitations period was tolled. Plaintiff's claim for libel and defamation is time-barred.

### 3. **Misrepresentation**

Plaintiff's allegations with respect to his claim of misrepresentation are as follows:

> Ms. Hallerman presented a negative report to the school board without giving plaintiff an evaluation to justify her charges. Without documentation of the charges, her report should be considered moot before the court. No charges were made against plaintiff while he taught at the school. An affidavit

by Rita Lupo[2] was presented after plaintiff filed his EEOC complaint and petition in court not while he was teaching at the school. The affidavit was self-serving which was not cross-examined by plaintiff.

As the Court interprets this claim, the alleged misrepresentation plaintiff complains of was made to the school's board. An element common to claims for fraudulent and negligent misrepresentation is the hearer's reliance upon a false statement and resultant injury. See Volker Court, LLC v. Santa Fe Apartments, LLC, 130 S.W.3d 607, 612 (Mo. Ct. App. 2004) (elements of fraudulent misrepresentation); Collins v. Missouri Bar Plan, 157 S.W.3d 726, 734 (Mo. Ct. App. 2005) (elements of negligent misrepresentation). Plaintiff's allegations do not describe a false statement made to him and upon which he relied to his detriment.

**4. Negligence, Mental Anguish, Pain and Suffering**

Plaintiff claims that defendant was negligent in failing to inform him that the students he was hired to teach were severely undisciplined. He alleges that defendant had a duty to inform him "what he was up against so that he could make a decision to take the abuse" or teach elsewhere. Plaintiff asserts that with proper notification he could have developed some appropriate teaching strategies. He also alleges that the conduct of his students

---

[2] Rita Lupo was a teacher in the class room adjacent to plaintiff's. Charles Pointer v. Beacon Educational Management, No. 4:03-CV-1291 (Memorandum and Order at p. 3, February 14, 2005). Defendant submitted Ms. Lupo's affidavit in support of its motion for summary judgment in plaintiff's Title VII case.

caused him to suffer elevated blood pressure, for which he required medical treatment.

The defendant correctly argues that the Missouri Workers' Compensation Act provides the exclusive remedy for plaintiff's claim. The Workers' Compensation Act is substitutional and supplants all other common-law rights of an employee if the Act applies. State ex rel. McDonnell Douglas v. Ryan, 745 S.W.2d 152, 153 (Mo. 1988). In all cases where it applies, the Act is exclusive. Hill v. John Chezik Imports, 797 S.W.2d 528, 531 (Mo. Ct. App. 1990) (affirming dismissal of claim against employer for infliction of emotional distress). Whether or not a case comes within the provisions of the Act is a question of fact. Id. A court may not determine whether a plaintiff's injury arises "out of and in the course of employment," an issue over which the Labor and Industrial Relations Commission has sole jurisdiction. Id. (quoting Jones v. Jay Truck Driver Training Center, 709 S.W.2d 114, 115 (Mo. 1986)). Plaintiff's claims for negligence, mental anguish, pain and suffering are not properly before the Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to oppose notice of removal, deemed to be a motion to remand, [#7] is **denied.**

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [#5] is **granted**.

A separate order of dismissal will be entered this same date.

                                             _____
                                             CAROL E. JACKSON
                                             UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2005.